UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:23-CR-00170-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOSEPH ANTHONY ZINNERMAN JR (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Joseph Zinnerman, Jr.'s ("Zinnerman") Motion to Dismiss the Indictment [Doc. No. 19]. Zinnerman moves to dismiss his Indictment under Fed. R. Crim. P. 12(b)(1), 12(b)(2), and 12(b)(3)(B)(v). For the following reasons, the Motion is **DENIED**.

Zinnerman asserts that the case *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 U.S. 2111 (2022), ("*Bruen"*), and subsequent jurisprudence, has changed the law with regard to the constitutionality of 18 U.S.C. § 922(g)(1), the charge with which Zinnerman has been charged.

In *Bruen*, the Supreme Court of the United States held that when determining whether a firearm restriction is constitutional, the Court should first determine whether the Second Amendment's plain text covers the individual's conduct. If it does, the Constitution presumptively protects the conduct. To justify the regulation, the government must demonstrate that the regulation is consistent with the United States' historical tradition of firearm regulation. Although the Supreme Court had previously held the Second Amendment conferred an individual right to keep and bear arms, *District of Columbia v. Heller*, 554 U.S. 570 (2008), *Bruen* set forth the test to determine the constitutionality of a firearm regulation.

In *Bruen*, the Supreme Court held that when determining whether a firearm restriction is constitutional, the Court first determines whether the Second Amendment's plain text covers the

individual's conduct. If it does, the Constitution presumptively protects the conduct, which requires the Government to demonstrate that the regulation is consistent with the United States' historical tradition of firearm regulation.

Zinnerman was charged in the Indictment with 18 U.S.C. § 922(g)(1) which reads:

> (g) It shall be unlawful for any person –
>
> (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
>
> to ship or transport in interstate or foreign commerce, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Prior to discussing the application of the *Bruen* analysis, some important language in *Heller* and in *Bruen* must be addressed. In *Heller*, the Supreme Court held the Second Amendment conferred an individual right to keep and bear arms. In discussing the right, the court stated:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, **nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons** and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

554 U.S. at 626-27. The above language referenced footnote 26 reads:

> 26. We identify these **presumptively lawful regulatory measures** only as examples; our list does not purport to be exhaustive.

In *Bruen*, which adopted the test upon which Brown relies, in a concurring opinion, Justice Samuel Alito stated:

> That is all we decide. Our holding decides nothing about who may lawfully possess a firearm or the requirements to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. **Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742, 130 S. Ct. 3020, 177 L.

>**Ed. 2d 894 (2018) about restrictions that may be imposed on the possession or carrying of guns**. 142 U.S. at 2157 (J. Alito, concurring).

Additionally, in a concurring opinion by Justice Kavanaugh, joined by Chief Justice Roberts, Justice Kavanaugh also **cited the language in *Heller*, stating that it did not cast doubt on the longstanding prohibitions, on possession of firearms by felons** and the mentally ill. 142 U.S. at 2162.

In *Bruen*, three Justices (Roberts, Alito and Kavanaugh) all confirmed what was said in *Heller* about not affecting the prohibition of possession of firearms by felons. No justice who voted to implement the *Bruen* test stated differently.

The question, therefore, is whether the issue in Zinnerman's motion been addressed by the United States Supreme Court in *Heller*. Whatever you call the language, specific language in *Heller* clearly states that the individual right to keep and bear arms did not apply to longstanding prohibitions on the possession of firearms by felons. Nothing in *Bruen* changed that.

This Court finds that the Supreme Court of the United States has already stated that the prohibition of firearms by felons is constitutional under the Second Amendment, and no further analysis is needed.

### 2. Application of *Bruen* Analysis

However, even if the *Bruen* analysis is used, 18 U.S.C. § 922(g)(1) is constitutional. Under *Bruen*, in determining whether a firearm restriction is constitutional, the Court is first to determine whether the Second Amendment's plain text covers the individual's conduct. If it does, the Constitution presumptively protects the conduct unless the government demonstrates that the regulation is consistent with the United States historical tradition of firearm regulation.

### (i) Second Amendment Plain Text

The Second Amendment to the United States Constitution reads:

> A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed.

In *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), the Fifth Circuit determined the constitutionality of 18 U.S.C. § 922(g)(8), which prohibits possession of a firearm by a person who has been restrained from harassing, stalking, or threatening an intimate partner or child by court order.

In discussing whether the plain text of the Constitution covered *Rahimi*, the words "the people" in the Second Amendment has been interpreted to refer to all members of a political community, not an unspecified subsection, or people who have developed sufficient connection with this country to be considered part of the community. 61 F.4th at 451 (citing *United States v. Verdugo-Urquidez*, 110 U.S. 1056 (1990). In *Rahimi*, the government argued that Rahimi was not included in the words "the people" because *Heller* referred to "law-abiding, responsible citizens" 554 U.S. at 653 in discussing the amendment's scope. Additionally, *Bruen* referred to "ordinary law-abiding citizens." 142 U.S. at 2122. The Fifth Circuit found Rahimi (who was not a convicted felon), to be included within "the people" in the Second Amendment.

However, the Court stated a convicted felon was **not** included within "the people" in the Second Amendment. The Court stated:

> In other words, ***Heller's* reference to "law abiding, responsible citizens" meant to exclude from the Court' discussion groups that have historically been stripped of their Second Amendment rights, i.e., groups whose disarmament the Founders "presumptively" tolerated or would have tolerated**. See 554 U.S. at 627 n. 26, 128 S.Ct. 2783 ("We identify these presumptively lawful regulatory measures only as examples; our list does not

4

purport to be exhaustive.").*Bruen's* reference to "ordinary, law-abiding citizens is no different.

61 F. 4th at 452.

The Court further stated:

> ***Rahimi*** **was not a convicted felon or otherwise subject to another "longstanding prohibition on the possession of firearms" that would have excluded him**." *Heller*, 554 U.S. at 626-27, 128 S. Ct. 2783; see *Range*, 53 F.4th at 273 (concluding that *Heller*, *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 130 S.Ct. 3020, 177 L. Ed 2d 894 (2010), **and *Bruen* supports that, criminals, as a group, "fall outside 'the people'… and that § 922(g)(1) is well-rounded in the nation's history and tradition of firearm regulation.".)**.

In *United States v. Daniels*, _ F.4th _, 2023 WL 5091317 at 4 (5th Cir. 2023), the Court said the same thing. *Daniels* (who was an unlawful user of marijuana) was argued by the government not to be included withing the language "the people" in the Second Amendment. Like the court in *Rahimi*, the Fifth Circuit stated:

> Indeed, *Rahimi* held that citizens accused of domestic violence still had Second Amendment rights. **It reasoned that when *Heller* and *Bruen* used the phrase "law-abiding," it was just "shorthand" to "exclude from the… discussion" the mentally ill and felons, people who were historically "stripped of their Second Amendment rights."** All others are presumptively included in the Second Amendment 's ambit. Because *Daniels* is not a felon or mentally ill, *Rahimi's* treatment of the "law-abiding" monitor suggests that he has presumptive Second Amendment rights as well. 2023 WL 5091317 at 4.

The Court further stated:

> Once we conclude that *Daniels* has presumptive Second Amendment rights, the focus shifts to step two of the *Bruen* analysis: whether history and tradition support § 922(g)(3).
> 2023 WL 5091317 at 4.

5

*Heller, Bruen, Rahimi,* and *Daniels* are saying that convicted felons are not a part of "the people" covered by the Second Amendment. Therefore, Zinnerman's argument fails, because, as a convicted felon, the Second Amendment's plain text does not cover his conduct.

### ii.  History of Firearm Regulation

Because Zinnerman cannot meet the first portion of the *Bruen* test, it is not necessary to explore whether the restriction of firearm regulation is consistent with the United States' historical tradition of firearm regulation.

### C.  Other Jurisprudence

Since *Bruen*, there have been several decisions that need discussion. *Bruen* was decided on June 23, 2022. On March 2, 2023, the Fifth Circuit in *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), the court held 18 U.S.C. § 922(g)(8) unconstitutional under the *Bruen* analysis. 922(g)(8) prohibits persons subject to a court order that restricts such person from harassing, stalking, or threatening an intimate partner or child of the intimate partner from possessing a firearm. Using the *Bruen* analysis, the Court found the plain text of the Second Amendment covered *Rahimi* and that the government did not show the regulation of persons subject to such court orders was consistent with the nation's historical tradition of firearm regulation.

On August 9, 2023, the United States Court of Appeals for the Fifth Circuit, in *United States v. Daniels*, _ F.4th _, 2023 WL 5091317 (5th Cir. 2023), the Court held that 18 U.S.C. § 922(g)(3), was unconstitutional under *Bruen*. Section 922(g)(3) prohibits an individual from possessing a firearm if he is an "unlawful user" of a controlled substance. There was no evidence that *Daniels* was intoxicated at the time of the possession, only that he was a regular user of marijuana. The Court found, that as applied to *Daniels*, the restriction violated the Second

Amendment. There was also not enough evidence the restriction was consistent with the victim's historical tradition of firearm regulations.

There are obvious distinctions between *Rahimi, Daniels*, and the present case. Zinnerman is a convicted felon, and the Supreme Court has stated the nation has a long history of regulation of felons. *Rahimi* and *Daniels* were not convicted felons and were covered by the plain text of the Second Amendment.

Judge (now Justice) Barrett's dissent in *Kanter v. Barr*, 919 F.3d 437, 451-69 (7th Cir. 2019) also should be discussed. In this case, which was before *Bruen*, the Court upheld a non-violent felon's restriction for possession of a firearm. *Kanter* argued the restriction violated his Second Amendment rights. *Kanter* had been convicted of mail fraud. Justice Barrett disagreed, arguing that a categorical restriction of all felons (both convicted of dangerous and non-dangerous crimes) violated *Kanter's* Second Amendment rights. Barrett argued that historical evidence does not support permanently depriving felons of the right to possess firearms simply because of their status as felons, but only supports restricting felons who have been convicted on violent dangerous offenses.

Justice Barrett, addressing the discussed language in *Heller*, (longstanding prohibition on the possession of firearms by felons), stated the Court in *Heller* did not undertake an exhaustive analysis of this issue. It should be noted that Justice Barrett voted with the majority in *Bruen.*

Another case that needs to be addressed is *United States v. Bullock*, _ F.Supp. 3d _, 2023 WL 4232309, decided June 28, 2023. This case involved the statute at issue in this case, 18 U.S.C. § 922(g)(1). The Court held 18 U.S.C.§ 922(g)(1) was unconstitutional as applied to Bullock. Judge Reeves gave a detailed analysis of the historical content of restriction of felony possession of firearms and found the government had not proven the restriction of firearm possession was

consistent with the nation's historical tradition of firearm regulation. Bullock had previously been convicted of aggravated assault and manslaughter in Jackson, Mississippi in 1992. In this case, Bullock was charged with violation of 18 U.S.C. § 922(g)(1) by knowingly possessing a firearm on May 3, 2018.

This Court respectfully disagrees with the decision in *Bullock* in two respects: (1) this Court believes that the United States Supreme Court has spoken in *Heller* and in *Bruen* that the United States has longstanding prohibition on the possession of firearms by felons, thereby already deciding that issue; and (2) that both Supreme Court and Fifth Circuit jurisprudence shows convicted felons are not covered by the plain text of the Second Amendment.

Therefore, this Court finds 18 U.S.C. § 922(g)(1) does not violate Zinnerman's Second Amendment rights and is constitutional as applied to Zinnerman.

### D.    Commerce Clause

Zinnerman also makes an argument to preserve an issue for review. Zinnerman argues the Commerce Clause of the United States Constitution does not give Congress the power to exercise jurisdiction over firearms merely because the firearm moved across state lines at some point in the past. Zinnerman acknowledges this issue is foreclosed by the Fifth Circuit's decision in *United States v. Seekins*, 52 F.4th 988, 989 (5th Cir 2022), cert. denied. After the decision, *Seekins* asked for a rehearing en banc. Rehearing was not granted en banc, but seven judges voted in favor of rehearing, while nine did not. Three judges (Judges Ho, Engel, and Smith) dissented from the denial of rehearing, arguing that the Commerce Clause should not give the federal government such broad powers.

This Court is barred by Fifth Circuit precedent on this issue and therefore **DENIES** the motion on this basis but does realize this is an issue that may eventually be addressed by the United States Supreme Court another day.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion [Doc. No. 19] is **DENIED.**

**MONROE, LOUISIANA,** this 21st day of September 2023.

> Terry A. Doughty
> United States District Judge